UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAIME ZELEDON,<br><br>               Plaintiff,<br><br>    –against–<br><br>P.I.M. ASSOCIATES INC. and GARY SPINDLER, jointly and severally<br><br>               Defendants. | COMPLAINT AND JURY DEMAND<br><br>11 CV 2620<br>( )( ) |



JUDGE SULLIVAN

## NATURE OF THE ACTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., that he is entitled to (i) unpaid wages from Defendants for overtime work for which Plaintiff did not receive overtime pay, as required by law; (ii) liquidated damages, and (iii) attorney's fees and costs of the action.

2. Plaintiff further alleges, pursuant to the New York Labor Law, Art. 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), that he is entitled to (i) unpaid wages from Defendants for overtime work for which Plaintiff did not receive overtime premium pay, as required by law; (ii) unpaid spread of hours wages from Defendants for each day Plaintiffs worked 10 or more hours, 12 N.Y.C.C.R. § 142-2.4; (iii) unpaid uniform maintenance allowance from Defendants for Plaintiff's maintaining and laundering of Plaintiff's required uniforms, 12 N.Y.C.R.R. § 137-1.8; (iv) unpaid reimbursement to Plaintiff from Defendants for Plaintiff's expenses to purchase his required uniforms, 12 N.Y.C.R.R. § 137-1.8; (v) liquidated damages equal to 25 percent of his unpaid overtime wages, spread of hours wages, uniform maintenance allowance, and uniform reimbursement; (vi) and attorney's fees and costs of the action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff, Jaime Zeledon, was, at all relevant times, an adult individual, residing in Queens County, New York.

7. Upon information and belief, Defendant P.I.M. Associates Inc. is a New York business corporation, with its principal place of business in New York County.

8. Upon information and belief, Defendant Gary Spindler is an individual residing in New York County.

## STATEMENT OF FACTS

9. At all relevant times, Defendants operated one or more parking facilities doing business as West 26th Street Parking Corp.

10. At all relevant times, Defendant Gary Spindler was an individual who actively participated in the business of P.I.M. Associates Inc., exercised substantial control over the functions of the employees of P.I.M. Associates Inc., including Plaintiff, and acted acting directly or indirectly in the interest of employers.

11. From approximately October 2010 through approximately March 2011, Plaintiff was employed by Defendants as parking attendant at several parking facilities of Defendants.

12. Plaintiff worked for Defendants approximately 53.5 hours per week in approximately October 2010, approximately 54 hours per week thereafter until approximately January 2011, and approximately 48 hours per week thereafter until the end of Defendants' employment of Plaintiff, six days per week, for an hourly wage from Defendants of $7.25.

13. Plaintiff worked in excess of 40 hours a week, yet Defendants willfully failed to pay Plaintiff overtime compensation of one and one-half times the applicable minimum wage, in violation of the FLSA and the NYLL.

14. Approximately in the month of October 2010, Plaintiff worked approximately one day per week for 12 hours, yet Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs spread of hours compensation, an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the NYLL and 12 N.Y.C.C.R. § 142-2.4.

15. Plaintiff was required to wear a uniform, some of which Plaintiff purchased at Plaintiff's expense from Defendants at the beginning of Plaintiff's employment by Defendants and subsequently as required to maintain Defendants' requirements, yet Defendants failed to reimburse Plaintiff for many if not all of Plaintiff's expenditures, as required by NYLL.

16. At many if not all times during Plaintiff's employment by Defendants, Defendants failed to launder or maintain the required uniforms, and Plaintiff was required to launder and maintain Plaintiff's uniforms at Plaintiff's expense, and Defendants failed to pay an allowance to Plaintiff for uniform maintenance, as required by NYLL.

17. Upon information and belief, while Defendants employed Plaintiff, Defendants failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 as if they were set forth again herein.

19. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

20. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

21. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

22. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for hours worked in excess of forty hours per workweek.

23. As a result of Defendants' willful failure to lawfully compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

24. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants Plaintiff's unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

25. As a result of Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions

and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

26. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as if they were set forth again herein.

28. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

29. At all relevant times, the applicable minimum wage was $7.25 per hour, according to N.Y. Labor Law § 652(1).

30. At all relevant times, the uniform maintenance rate for employees working over 30 hours per week was $9.00 per week, according to N.Y.C.R.R. § 137-1.8.

31. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at a rate not less than one and one-half times the applicable minimum wage for each hour worked in excess of forty hours per workweek.

32. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs spread of hours compensation, an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the NYLL and 12 N.Y.C.C.R. § 142-2.4.

33. Defendants willfully violated Plaintiff's rights by failing to reimburse Plaintiff's expenses to purchase their uniforms required for employment by Defendants, in violation of the NYLL and N.Y.C.R.R. § 137-1.8.

34. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff for uniform maintenance, in violation of the NYLL and N.Y.C.R.R. § 137-1.8.

35. Defendants' NYLL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

36. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants Plaintiff's unpaid overtime and spread of hours compensation, uniform allowances, and reimbursement of expenses to purchase uniforms, damages for unreasonably delayed payment of wages, uniform allowances, and reimbursement of expenses to purchase uniforms, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendant business corporation and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e. An award of unpaid overtime compensation, spread of hours compensation, uniform expense reimbursement, and uniform maintenance due under the NYLL;

   f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, spread of hours compensation, uniform expense reimbursement, and uniform maintenance pursuant to the NYLL;

   g. An award of prejudgment and postjudgment interest;

   h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

   i. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       April 15, 2011

By: _____
Justin A. Zeller (JZ 7094)
LAW OFFICE OF JUSTIN A. ZELLER, P.C.
277 Broadway, Suite 408
New York, N.Y. 10007-2036
jazeller@zellerlegal.com
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEY FOR PLAINTIFF**